IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY, § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. 5:24-CV-01021 |
| § § | |
| VERICLEAN JANITORIAL SERVICES, § LLC, UNION PACIFIC RAILROAD, AND § C&W FACILITY SERVICES, INC. § § | |
| Defendants. § | |

**PLAINTIFF'S <s>ORIGINAL</s>AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

The Burlington Insurance Company ("TBIC") files this its <s>Original</s>Amended Complaint for Declaratory Judgment and respectfully shows the Court the matters set forth below:

**I.**
**PARTIES**

1. Plaintiff TBIC is an Illinois company incorporated under the laws of the State of Illinois with its principal place of business in Hartford, Connecticut. TBIC is therefore a citizen of Illinois and Connecticut for purposes of diversity jurisdiction.

2. Defendant Vericlean Janitorial Services, LLC ("Vericlean") is a Texas limited liability company. The members of Vericlean are Fernando Baster and GemekaBaxter, LLC. GemekaBaxter, LLC is a Texas limited liability company whose members are Fernando Baster and Ekard JF Investments LLC. Ekard JF Investments, LLC is a Texas limited liability company whose sole member is Ekard Juarez Fernandez. Fernando Baxter and Ekard Juarez Fernandez are each individuals who are domiciled in Texas and are each a citizen of Texas for diversity purposes. Vericlean is therefore a citizen of Texas for purposes of diversity jurisdiction. Vericlean has

appeared in this case and can be served ~~through~~with this amended pleading via its ~~registered agent for service in the state~~counsel of ~~Texas, Fernando B. Rodriguez Baster at 10835 Gulfdale St., San Antonio, Texas 78216, or wherever he may be found~~record.

3. Defendant C&W Facility Services, Inc. ("C&W") is a Massachusetts corporation with its principal place of business located in Massachusetts. C&W is therefore a citizen of Massachusetts for purposes of diversity jurisdiction. C&W has appeared in this case and can be served ~~through~~with this amended pleading via its ~~registered agent for service in the state~~counsel of ~~Texas, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136~~record.

4. Defendant Union Pacific Railroad Company ("Union Pacific") is a Delaware corporation with its principal place of business in Nebraska. Union Pacific is therefore a citizen of Delaware and Nebraska for purposes of diversity jurisdiction. Union Pacific has appeared in this case and can be served ~~through~~with this amended pleading via its ~~registered agent for service in the state~~counsel of ~~Texas, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136.~~ record.

## II.
## JURISDICTION AND VENUE

5. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. The Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201. An actual and substantial controversy exists between the parties. By this action TBIC seeks a declaration that under its insurance policy, issued to Vericlean,

it does not have a duty to defend or indemnity Union Pacific, C&W or Vericlean in connection with the lawsuit filed by Jeffrey Garrels ("Garrels") against ~~Union Pacific~~them, nor does TBIC have a duty to defend or indemnity C&W or Vericlean against the third-party claims asserted against ~~C&W~~them by Union Pacific or a duty to defend or indemnify Vericlean against the third-party claims asserted against Vericlean by C&W.

7. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Vericlean has its principal place of business in this District.

### III.
### FACTUAL BACKGROUND

The Underlying Lawsuit

8. On May 8, 2023, Garrels[1] filed suit against Union Pacific in the United States District Court for the District of Kansas, styled *Jeffrey Garrels v. Union Pacific Railroad Company*, Case No. 23-CV-01078-TC-GEB in the United States District Court for the District of Kansas (the "Underlying Lawsuit"). On November 27, 2024, Garrels filed his First Amended Complaint against Union Pacific.

9. The ~~Original Petition~~First Amended Complaint in the Underlying Lawsuit alleges:

---

[1] Garrels died in June 2024, and on July 12, 2024, Wendy Garrels as Special Administrator of the Estate of Jeffrey Garrels was substituted in as the plaintiff in the Underlying Lawsuit.

**PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**                    **PAGE 3**

~~5.     At all times relevant, Plaintiff~~ This action arises from injuries sustained by Jeffrey Garrels while he was ~~employed by~~working as a locomotive engineer for Defendant ~~(~~Union Pacific Railroad Company~~) as a locomotive engineer.~~

\*\*\*

1.     ~~7.     On~~ (UP) on or about July 5, 2021, ~~Plaintiff was employed by Defendant as a locomotive engineer and was working in the scope and course of his employment~~ at ~~Defendant's~~UP's depot in Marysville, Kansas, when he slipped and fell on ~~the~~a wet restroom floor, which ~~apparently~~ had ~~become wet from recent mopping which created~~ been recently mopped without placement of a ~~dangerous condition due~~wet floor sign or other warning to ~~one or more of the following negligent acts or omissions of Defendant, its servants, agents, and/or~~ alert employees~~:~~ regarding the hazardous condition of the restroom.

~~a.     Defendant~~\*\*\*

4.     Upon information and belief, on the date of the subject incident, C&W's and/or Vericlean's janitorial employees/contractors/agents mopped the restroom floors at UP's Marysville depot but failed to use wet floor/caution signs, as required, or provide any other warning to alert Mr. Garrels of the hazardous condition of the restroom floor.

\*\*\*

15. At all times relevant, until the date of his death, Jeff Garrels was employed by UP as a locomotive engineer and was working in Marysville, Kansas at the time of his injury.

***

22. At all times relevant, UP owed Mr. Garrels a non-delegable duty to provide a reasonably safe place to work and reasonably safe working conditions, including at UP's Marysville depot.

23. UP, acting through its agents, servants, and/or employees, singularly or in combination, breached the non-delegable duties that it owed to Mr. Garrels pursuant to the FELA, and was thereby negligent in that it:

a. failed to provide a reasonably safe place to work;

b. ~~Defendant~~ failed to provide reasonably safe conditions for work;

c. ~~Defendant~~ failed to warn ~~Plaintiff~~Mr. Garrels of a hazardous condition ~~it created~~;

d. ~~Defendant~~ failed to provide adequate assistance, in that it failed to adequately employ, train, and/or supervise maintenance personnel;

e. ~~Defendant~~ violated 29 C.F.R. §1910.145(c) by failing to erect adequate caution signs to warn against the hazard created by Defendant's wet floors, constituting negligence per se; and

f. ~~Defendant~~ violated the American National Standards Institute (ANSI) Z535.2-2011, setting forth standards for caution signs, including the placement of hazard alerting signs.

10. In the First Amended Complaint, Garrels asserted a cause of action against Union Pacific under the Federal Employers' Liability Act ("FELA"). Garrels sought damages for past

**PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**                               **PAGE 5**

and future medical expenses, physical pain, emotional distress, disfigurement, impairment, loss of wages, benefits, and earning capacity and other economic damages. Garrels' next of kin, Wendy Garrels, Sarah Baete, and Ethan Garrels also sought damages for loss of future earnings/economic support, loss of future services including household duties, and medical, funeral and burial expenses.

10. In the First Amended Complaint, Garrels also asserted a cause of action against C&W and Vericlean for wrongful death as well as a survival cause of action. Garrels' heirs, Wendy Garrels, Sarah Baete, and Ethan Garrels seek damages for loss of future earnings/economic support, loss of future services including household duties, mental anguish, suffering, grief or bereavement, loss of society, companionship, comfort or protection, loss of marital care, attention, advice or counsel, loss of parental care, training, guidance or education, and medical, funeral and burial expenses.

~~10.~~11. On November 1, 2023, Union Pacific filed a Third-Party Complaint against C&W in the Underlying Lawsuit seeking contractual indemnity (the "Union Pacific Third-Party Complaint"). On December 2, 2024, Union Pacific filed cross claims/third-party claims against C&W and Vericlean in the Underlying Lawsuit (the "Union Pacific Cross Claims/Third-Party Claims").

~~11.~~12. The Union Pacific Cross Claims/Third-Party ~~Complaint~~Claims incorporates the Underlying ~~Petition~~First Amended Complaint, and alleges:

### BACKGROUND

1. Plaintiff ~~filed a complaint~~has brought the alleged claims against Defendant UP in this matter under the Federal Employers Liability Act ~~against Union Pacific claiming he~~alleging decedent Jeffery

Garrels sustained injuries when he allegedly slipped and fell while walking on the restroom floor at Union Pacific's depot located in Marysville, Kansas ("Marysville depot"). ~~See also **Exhibit 1: Plaintiff's Complaint.**~~ See Doc. No. 104 (the Underlying First Amended Complaint). Plaintiff alleges the incident and injuries caused or contributed to cause the death of Mr. Garrels. Id.

2. Plaintiff alleges the floor was wet from recent mopping activities and that there was no signage in place warning of the alleged wet floor in the restroom.

~~3. CWFS performed floor cleaning services in the restroom and on the restroom floor prior to Plaintiff's alleged incident and CWFS~~3. UP makes the following allegations in addition to, or in the alternative to, other pleadings Union Pacific has made in this lawsuit.

4. At all times relevant, C&W was responsible for maintaining the restroom floor under its Contract with Union Pacific, including at the time of the incident.

~~4~~5. At all times relevant, ~~CWFS~~C&W had an express and written contract ("~~The~~the Contract") with Union Pacific pursuant to which ~~CWFS performed~~C&W was responsible for the performance of the floor cleaning services ~~at~~in the subject restroom of Defendant's Marysville ~~depot~~Depot at issue, which included the floor cleaning and maintenance services in the restroom ~~at issue~~.

**PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**                    **PAGE 7**

***

~~12.~~13.  On December 21, 2023, C&W filed a Third-Party Complaint against Vericlean seeking contractual indemnity (the "C&W Third-Party Complaint").

~~13.~~14.  The C&W Third-Party Complaint references the Underlying Petition and Union Pacific's Third-Party Complaint, and alleges:

> 1. Plaintiff filed a Complaint under the Federal Employers Liability Act against Union Pacific Railroad Company ("Union Pacific") claiming he sustained injuries when he allegedly slipped and fell while walking on the restroom floor at Union Pacific's depot located in Marysville, Kansas ("Marysville depot").
>
> 2. Plaintiff alleged the floor was wet from recent mopping activities and that there was no signage in place warning of the alleged wet floor in the restroom.
>
> 3. Plaintiff also alleged that Union Pacific was negligent in failing to provide Plaintiff a reasonably safe place to work, failed to warn Plaintiff of hazardous conditions, failed to erect caution signs to warn, and other claims as set out in Plaintiff's Complaint.
>
> 4. Union Pacific, in its Third-Party Complaint against CWFS alleged that CWFS performed floor cleaning services in the restroom and on the restroom floor prior to Plaintiffs alleged incident and CWFS was responsible for maintaining the restroom floor under its Contract with Union Pacific.

5. Union Pacific further alleged that under the Contract, CWFS agreed to defend, indemnify, and hold Union Pacific harmless from and against any claims, demands, liability, losses, damages, and expenses (including attorney fees and costs)...arising from the negligent performance of the floor cleaning services.

6. Union Pacific further claimed that CWFS was responsible to indemnify and hold harmless Union Pacific from and against any such claims and demands referenced above including any claims, suits or judgments brought against [Union Pacific] under the Federal Employer's Liability Act.

7. At all times relevant, CWFS had an express written Contract with VeriClean whereby VeriClean was responsible for the floor cleaning services at the Defendant's Marysville depot.

8. Under the terms of the Contract between CWFS and VeriClean, VeriClean agreed to defend, indemnify, and hold CWFS harmless from and against any claims, demands, liability, losses, damages, and expenses (including attorney fees and costs) ... arising from the negligent performance of the floor cleaning service.

9. Under the contract, VeriClean was responsible to indemnify and hold harmless CWFS and CWFS' Prime Customer, which in this case was Union Pacific, from and against any claims, demands, suits, or judgment brought against CWFS and CWFS' "Prime Customer."

10. The Prime Customer mentioned in the Contract was Union Pacific.

The TBIC Policy

~~14.~~15.  TBIC issued commercial general liability policy 957BG00337 to Vericlean effective October 15, 2020 to October 15, 2021 (the "TBIC Policy").

~~15.~~16.  The TBIC Policy provides in pertinent part as follows:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

~~16.~~17.  The TBIC Policy defines "bodily injury" under the Commercial General Liability Coverage Form, as follows:

> 3.  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

~~17.~~18.  The TBIC policy also includes an Additional Insured—Owners, Lessees or Contractors—Scheduled Person or Organization endorsement (CG 20 10 04 13) that provides:

> **A.  Section II—Who Is An Insured** is amended to include as an additional insured the person(s) to organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1.  Your acts or omissions; or
> 2.  The acts or omissions of those acting on your behalf;

>in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

18.19. The pertinent Schedule lists:

>Any person or organization for whom you are performing operations, but only if you have agreed, in a written contract, to add such person or organization as an additional insured on your policy for that location or part thereof, provided such a written contract is fully executed prior to an "occurrence" in which coverage is sought under this policy.

19.20. Under the Additional Insured—Owners, Lessees or Contractors—Scheduled Person or Organization endorsement, if Vericlean is required in a written contract to make a party an additional insured under its CGL policy, the entity is an additional insured under the TBIC Policy with respect to liability caused in whole or in part by the acts or omissions of Vericlean or those acting on behalf of Vericlean. The C&W Third-Party Complaint specifically referenced the contract entered into between C&W and Vericlean and specifically alleged that "The Prime Customer mentioned in the Contract [between C&W and Vericlean] was Union Pacific". The contract between C&W and Vericlean provides that "C&W Services [i.e., C&W] and the Prime Customer [i.e., Union Pacific] shall be named as additional insureds on [Vericlean's CGL] policy." Accordingly, C&W and Union Pacific are additional insureds under this provision for liability caused in whole or in part by the acts or omissions of Vericlean or those acting on behalf of Vericlean.

20.21. The TBIC Policy also contains an Amendment—Employer's Liability Exclusion (IFG-G-0197 05 15) endorsement that provides:

>A. Exclusion **e. Employer's Liability** of **2. Exclusions** of **Section I – Coverage A - Bodily Injury And Property Damage Liability Coverage** is replaced by the following:
>
>This insurance does not apply to:
>
>**e. Employer's Liability**

> "Bodily injury" to:
>
> **(1)** Any "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, or seasonal worker of any insured, or a person hired to do work for or on behalf of any insured or tenant of any insured, arising out of and in the course of:
>
> **(a)** Employment by any insured; or
>
> **(b)** Directly or indirectly performing duties related to the conduct of any insured's business.
>
> **(2)** The spouse, child, parent, brother or sister of that "employee" "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, or seasonal worker as a consequence of Paragraph **(1)** above.
>
> This exclusion applies:
> > Regardless of where the:
> > > Services are performed; or
> > > "Bodily injury" occurs;
> > Whether an insured may be liable as an employer or in any other capacity; and
> > To any obligations to share damages with or repay someone else who must pay damages because of the injury.

21.22.   The TBIC Policy contains a Definition-Employee (BG-G-199 03 17) endorsement that amends the definition of "employee" under the Commercial General Liability Coverage Part, in pertinent part as follows:

> This endorsement modifies insurance provided under the following:
>
> **B.** Paragraph **D.** of this endorsement replaces Definition **5.** of **Section V – Definitions** under the Commercial General Liability Coverage Form.
>
> **D.** "Employee" means a person working for salary or wages, or any substitute for salary or wages, as compensation in any manner by any insured, under any contract of hire, express or implied, oral or written,

where the insured, as employer, has the power or right to control and direct the employee.  "Employee" includes a person hired by the hour, day or any other irregular or intermittent period.  "Employee includes a "leased worker" or "temporary worker."

22.23.   The Underlying PetitionFirst Amended Complaint specifically alleges that Garrels was employed by Union Pacific as a locomotive engineer and was working in the scope and course of his employment at Union Pacific's depot in Marysville, Kansas. at the time of his injury. The Union Pacific Cross Claims/Third-Party ComplaintClaims specifically incorporates the Underlying PetitionFirst Amended Complaint and the C&W Third-Party Complaint specifically references the Underlying Petition and the Union Pacific Third-Party Complaint.

23.24.   According to the allegations, Garrels was an employee of Union Pacific. Because Union Pacific qualifies as an additional insured for purposes of the Underlying Lawsuit, the claims asserted against Union Pacific, C&W and Vericlean are all claims for damages because of bodily injury to an employee of "any insured" such that the Employer's Liability exclusion applies to preclude coverage under the TBIC Policy. for all claims asserted against Union Pacific, C&W and Vericlean in the Underlying Lawsuit.

The Request for Defense

24.25.   Vericlean tendered the C&W Third-Party Complaint to TBIC and TBIC has been providing a defense to Vericlean against the contractual indemnity claims asserted by C&W against Vericlean since January 29, 2024.

25.26.   Union Pacific and C&W have claimed to be additional insureds under the TBIC Policy pursuant to the additional insured requirement in the contract between C&W and Vericlean and claim to be entitled to coverage as additional insureds for the respective claims asserted against them in the Underlying Lawsuit.

26.27.  On July 31, 2024, TBIC agreed to provide a defense to C&W for the claims asserted against it by Union Pacific.

27.28.  On August 1, 2024, TBIC issued a letter agreeing to defend Union Pacific as an additional insured against the claims asserted by Garrels against Union Pacific in the Underlying Lawsuit.

28.29.  TBIC files this declaratory judgment action asking the Court to declare it has no obligation to defend or indemnify Union Pacific, C&W or Vericlean in connection with the claims asserted against them in the Underlying Lawsuit because coverage is precluded by the Employer's Liability exclusion.

## IV.
## DECLARATORY RELIEF – NO DUTY TO DEFEND OR INDEMNIFY

29.30.  Plaintiff TBIC incorporates by reference the allegations stated above.

30.31.  The TBIC Policy does not provide coverage for any of the claims asserted against Vericlean, Union Pacific, or C&W in the Underlying Lawsuit because the Employer's Liability exclusion applies.

31.32.  Vericlean is the named insured under the TBIC policy and Union Pacific and C&W qualify as additional insureds under the TBIC Policy because there are allegations that the bodily injuries alleged were caused, in whole or in part, by the negligent acts or omissions of Vericlean or someone acting on behalf of Vericlean triggering the Additional Insured—Owners, Lessees or Contractors—Scheduled Person or Organization endorsement as to Union Pacific and C&W.

32.33.  The Employer's Liability exclusion precludes coverage for "bodily injury" to "[a]n 'employee', ' . . . of any insured" "arising out of" and in the course of that employment or when directly or indirectly performing duties related to the conduct of any insured's business. The claims against Vericlean, Union Pacific, and C&W in the Underlying Lawsuit all arise out of the alleged

bodily injury of Union Pacific's employee, Jeffrey Garrels, while Garrels was in the course of his employment with Union Pacific. Because there are allegations of bodily injury to an employee [i.e., Jeffrey Garrels] of any insured [i.e. Union Pacific] "arising out of" and in the course of that employment, the Employer's Liability exclusion precludes coverage such that TBIC has no duty to defend Vericlean, Union Pacific, and C&W in the Underlying Lawsuit. Given the nature of the exclusion, the same reason that negates a duty to defend also necessarily negates the duty to indemnify.

33.34.  Therefore, TBIC seeks a declaratory judgment that TBIC has no duty to defend or indemnify Vericlean, Union Pacific, or C&W in the Underlying Lawsuit.

## PRAYER

WHEREFORE, for the foregoing reasons, TBIC respectfully requests judgment against Defendants as follows:

a. A declaration that TBIC has no duty to defend or indemnify Vericlean under the TBIC Policy against the claims asserted against it in the Underlying Lawsuit;

b. A declaration that TBIC has no duty to defend or indemnify C&W under the TBIC Policy against the claims asserted against it in the Underlying Lawsuit

c. A declaration that TBIC has no duty to defend or indemnify Union Pacific under the TBIC Policy against the claims asserted against it in the Underlying Lawsuit;

d. Costs of court, pre-judgment and post-judgment interest as allowed by law; and

e. Such other and further relief as to which TBIC may show itself justly entitled.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
S.D. Bar No. 28635
MARCIE L. SCHOUT
State Bar No. 24027960
S.D. Bar No. 34593
TORIE ABBOTT
State Bar No. 24115929
S.D. Bar No. 3841924
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
llewis@qslwm.com
mschout@qslwm.com
tabbott@qslwm.com
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**ATTORNEYS FOR PLAINTIFF
THE BURLINGTON INSURANCE COMPANY**